387 P.2d 556

**Jayne Wetherell CHASE, Plaintiff and Appellant,**

v.

**Edwin Amos CHASE, Jr., Defendant and Respondent.**

No. 9919.

Supreme Court of Utah.

Dec. 16, 1963.

Alan H. Bishop, Salt Lake City, for appellant.

James F. Housley, Salt Lake City, for respondent.

CROCKETT, Justice.

Upon an order to show cause supplementary to a divorce decree the trial court ordered that custody of a 2½-year-old boy, previously granted to plaintiff, his mother, be given to the defendant, his father; and discontinued the award of $60 per month for the child's support.

There was neither any finding, nor any basis for a finding, that the mother was in any way immoral, incompetent or otherwise disqualified to have the boy's custody. The evidence shows indisputably to the contrary, and that she has manifested a high degree of love and devotion to him. Except for understandable human frailties, practically her only dereliction of consequence which might directly affect the child is that of leaving him with plaintiff's mother, or in a nursing home, while she worked. This is not necessarily inimical to his welfare.

It is a universally recognized principle, well grounded in reason and experience, that a child of such tender years should be in the care of his mother unless there is some substantial and compelling reason to deprive her of his custody. See Steiger v. Steiger, 4 Utah 2d 273, 293 P.2d 418, and Briggs v. Briggs, 111 Utah 418, 181 P.2d 223. The mother, of course, has the duty to cooperate in allowing defendant reasonable visitation privileges for the purpose of achieving the most favorable

and happiest possible relationship for the child with both parents.

Reversed, and the provisions of the decree previously existing reinstated. Costs to plaintiff (appellant). No attorney's fees awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.