Larry Dean TUCKEY, Plaintiff and Respondent,

v.

Debra A. TUCKEY (Trevizo), Defendant.

Frank Tuckey and Mary Tuckey, husband and wife, Intervenors and Appellants.

No. 17189.

Supreme Court of Utah.

June 30, 1982.

Pete W. Guyon, Robinson, Guyon, Summerhays & Barnes, Salt Lake City, for intervenors and appellants.

Bruce Plenk, Utah Legal Services, Salt Lake City, for plaintiff and respondent.

Sharon Peacock, Asst. Atty. Gen., Salt Lake City, for defendant.

STEWART, Justice:

Larry Dean Tuckey and Debra A. Tuckey (now Trevizo), were divorced in 1976. Debra was awarded permanent custody and control of their two minor children, Larry Dean Tuckey, Jr., born March 22, 1975, and Christopher Lee Tuckey, born July 30, 1976. Frank and Mary Tuckey, the paternal grandparents of the two minor children, petitioned to intervene in the matter of the children's custody. On February 15, 1979, their petition was granted, as well as their request for temporary custody. Upon hearing the matter, the court concluded there was no compelling evidence presented to defeat the mother's rights to custody. A motion for a new trial or in the alternative a motion to reopen and take additional testimony was filed by the grandparents. The court's denial of the motion resulted in this appeal.

While the children were in her permanent custody, Debra temporarily left the state, leaving the children in her mother's care. During Debra's absence, the paternal grandparents visited the children and Debra's mother voluntarily relinquished the children to the paternal grandparents. While caring for their grandchildren, the paternal grandparents filed a motion to intervene. They were awarded temporary custody, pending a final order. The children were in the custody of the paternal grandparents for approximately one year.

The paternal grandparents testified that while they had temporary custody, Debra contacted the children very infrequently. The grandparents not only indicated that Debra took the children to bars, but further testified that the children had attempted to imitate sexual behavior which the children claimed they witnessed between their mother and a boyfriend. Larry, the children's father, testified that he no longer believed the mother should have custody because her household was unkempt and unsanitary when he observed it. Debra and her mother both testified at trial. Debra, twenty-four, married three times, and the mother of four children, testified that the children had never been exposed to any sexual acts and that she did not take them to bars.

The court ordered that a family evaluation be conducted. A Department of Social Services counselor observed the children twice in the presence of their paternal grandparents and once in the presence of their mother. Although the mobile home where Debra and her husband reside was found to be clean and appropriate for the care of young children, the discrepancy between the children's behavior in the presence of their paternal grandparents and their mother's presence resulted in a report indicating the interests of the minor children would best be served by allowing them to remain under the care of the paternal grandparents.

The trial court awarded custody to the mother. Although the court concluded that both the grandparents and Debra were fit, there were no findings regarding either the testimony of the social worker or the conflicting evidence presented by the parties concerning defendant's conduct.

A motion for new trial or in the alternative to open judgment and take additional testimony was filed, referring to newly discovered evidence concerning the children's dissatisfaction with the idea of returning to their mother's custody. The motion was denied.

On appeal the grandparents contend that the trial court applied the wrong standard in determining custody. Arguing that it was improper to apply a standard that makes a parent's fitness determinative,

they submit that the proper standard is the best interest of the children, notwithstanding a parent's fitness. The grandparents further assert that the evidence adduced at trial, evaluated in light of the best interest standard, requires, as a matter of law, that they be awarded custody. Finally, they contend that the order is invalid because of discrepancies between the findings of fact and conclusions of law and the evidence presented at trial.

■ The initial issue is whether there is an adequate showing of a substantial or material change in circumstances to render this an appropriate case for re-opening the custody award for reconsideration. *Hogge v. Hogge,* 649 P.2d 51 (Utah 1982). The conduct of the mother, coupled with the defendant's mother's release of the children to the paternal grandparents, and the events resulting from that act, clearly constitute a sufficient change in circumstance to warrant reconsideration of the custody issue in this instance.

■ We now turn to the issue of the appropriate standard for determining custody arrangements. Although the trial judge in the course of the trial referred to the parents' fitness as a governing standard, the conclusions of law reflect that the court in fact applied the best interest of the children standard. Custody should be determined by focusing on the children's welfare and best interest, albeit with a presumption in favor of the natural parents.[1] *Hutchison v. Hutchison,* 649 P.2d 38 (Utah 1982). *Hardcastle v. Hardcastle,* 118 Utah 192, 221 P.2d 883 (1950). That presumption, however, is not conclusive. See *In re R___ L___,* 17 Utah 2d 349, 411 P.2d 839 (1966). Although the presumption "cannot be rebutted merely by demonstrating that the opposing party possesses superior qualifica-

tions," it can be rebutted by establishing that "no strong mutual bond exists, that the parent has not demonstrated a willingness to sacrifice his or her own interest and welfare for the child's, and that the parent lacks the sympathy for and the understanding of the child that is characteristic of parents generally." *Hutchison v. Hutchison,* 649 P.2d at 41. Certainly, in light of the conduct of the mother in this case, we do not wish to convey the idea that the presumption cannot or indeed has not been rebutted in this case. However, that is a matter for a finding by the trial court, not this Court.

In assessing the issue of where a child's best interest lies, assuming the parental presumption, it is instructive to note that in *Wilson v. Family Services Division,* Utah, 554 P.2d 227, 230 (1976) (quoting *Commonwealth ex rel. Stevens v. Shannon,* 107 Pa. Super. 557, 563, 164 A. 352, 354 (1933)), we recognized that "[t]he affection of a grandparent can safely be said to be no less in depth than parental affection," and in *Walton v. Coffman,* 110 Utah 1, 169 P.2d 97 (1946), this Court specifically held that children's best interest and welfare may require that custody be awarded to their grandparents rather than their mother, despite a finding that their mother is fit.

■ Application of the proper standards in this case is not possible because of difficulty with the trial court's findings. Without specific findings, we cannot properly review the trial court's order modifying the previous decree. *Hutchison v. Hutchison,* 649 P.2d 38 (Utah 1982); *Stoddard v. Stoddard,* Utah, 642 P.2d 743 (1982); *Chandler v. West,* Utah, 610 P.2d 1299 (1980). In the instant case the findings are very general, conclusory in nature,[2] and do not bear on the mother's

---

1. The term "best interest" has reference to the moral welfare of the children and not merely to the comforts, benefits, or disadvantages that wealth can give. *Jones v. Moore,* 61 Utah 383, 213 P. 191 (1923). As stated in *Jones:*
   No hard and fast rule with respect to what may be considered the best interests of a child can ... be laid down to govern in all

cases. Each case must be determined upon its own peculiar facts and circumstances. [61 Utah at 390; 213 P. at 194.]

2. The court's findings which bear upon a determination of custody are as follows:
   \* \* \* \* \* \*

ability to fulfill her children's physical, emotional, and moral needs. Conflicts in the evidence on relevant factors are not resolved. Without indicating the factors the court relied on, the court simply stated that Debra is a fit and proper person to have custody. However, the specific findings which do appear in the record refer to Debra's infrequent contact with her children while they were in the grandparent's care and her current husband's unemployment—factors which, if anything, counter rather than support the custody award. Furthermore, although the trial court was not bound to accept the evaluation of the Department of Social Services, the court indicated no reason for totally dismissing the report submitted under court order. In light of the trial court's own factual findings which support the recommendation of the Department, we think some reason for rejecting the recommendation and awarding custody on the basis of rather frail findings is in order.

Furthermore, there is no indication that the court considered the conditions which warranted the temporary court order awarding custody to grandparents, the change in, or continuation of, those conditions, or the effect which another change in custody would have upon the children.

With due respect for the broad discretion invested in the trial court in child custody determinations, but with full awareness of the gravity and importance of a case which deals with the natural emotions of a parent and grandparents and the ultimate welfare of the children involved, we hold that the findings in this case are insufficient to establish the critical determinative facts which must be the basis for a proper judicial determination.

The order of custody is set aside and we remand the case for further proceedings.

OAKS and HOWE, JJ., and J. ALLAN CROCKETT, Retired Justice, concur.

DURHAM, J., does not participate herein.

HALL, Chief Justice, concurring:

I concur. On remand this case should be reconsidered particularly in light of and consistent with the recent opinion of this Court in *Hutchison v. Hutchison,* 649 P.2d 38 (Utah 1982).

OAKS, J., concurs in concurring opinion of HALL, C. J.

10. Intervenors have properly cared for the minor children since February 13, 1979, have provided appropriate discipline and structure for them and financially able to properly care for the children.

11. Since February 13, 1979 Defendant has telephoned the minor children several times and has physically visited them on eight (8) occasions, to-wit: February 10, 1979; February 17, 1979; March 4, 1979; April 28, 1979; October 11, 1979; December 22, 1979; January 28, 1980 (at court); and February 26, 1980 (observation with Denise Taft requested by Ms. Taft).

12. Intervenors are fit and proper persons to have care, custody and control of their two (2) grandchildren.

13. Defendant is a fit and proper person to have permanent care, custody and control of her minor children.

14. Defendant's home in LaPoint, Utah is adequate for the rearing of the minor children.

15. Intervenors' home in Salt Lake City, Utah is adequate for the rearing of the minor children.