Margie Ann Pettit WILLIAMS, Plaintiff
and Respondent,

v.

Roger Lynn WILLIAMS, Defendant
and Appellant.

No. 17801.

Supreme Court of Utah.

Sept. 10, 1982.

Patrick H. Fenton, Cedar City, for defendant and appellant.

Willard R. Bishop, Cedar City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from an award of custody of the parties' seven children and an award of $50 and $150 weekly for alimony and child support respectively. The award was post-divorce, after three separate hearings were had incident to a petition for modification of a divorce decree. The petition for modification was based on alleged changed circumstances, and a substantial change of circumstances was shown to have evolved. The trial court's decision is reconcilable with the guidelines set forth in our recent case of *Hogge v. Hogge,* Utah, 649 P.2d 51 (1982), which is dispositive here.

Under the two-step procedure established by this Court in that case, a trial court's decision to modify a divorce decree by transferring custody of a minor child must involve two separate steps. Hence, the first issue in this case is whether the proponent of any change (appellant in this case) has demonstrated "(1) that since the

time of the previous decree, there have been changes in the circumstances upon which the previous award was based; and (2) that those changes are sufficiently substantial and material to justify reopening the question of custody." *Hogge v. Hogge, supra.*

The record discloses that between the time the original decree was entered in August, 1979, and the time the petition to modify was filed in October, 1980, appellant had been remarried to a woman with three children who is employed steadily as an elementary school teacher, and they had established a stable and happy family life; respondent had conceived an eighth child out of wedlock by another man; and four of the parties' seven children had formed and expressed strong preferences regarding the parent with whom each wanted to reside (the record does not indicate that the children held such preferences prior to the original custody award). We agree that these changes are sufficiently material to satisfy the first requirement of *Hogge* to reopen the question of custody.

Second, once the custody question is reopened, the trial court must consider the changes in circumstance along with all other relevant evidence and "determine *de novo* which custody arrangement will serve the welfare or best interests of the child, and modify, or refuse to modify, the decree accordingly." *Hogge v. Hogge, supra.*

■ The record discloses that the two sons, ages 10 and 7, had developed distinct antipathy for their mother and special affection for their father. The youngest son was especially fond of one of his father's stepchildren. Both sons requested that they be permitted to reside with appellant. In contrast, the two eldest daughters, ages 14 and 12, expressed a strong preference to remain in their mother's custody, both because they loved her and because each disliked appellant intensely and was afraid he would abuse them sexually or physically. Such preferences are properly considered by the trial court in determining future custody although they are not necessarily controlling. U.C.A., 1953, § 30–3–10; *Bushell v. Bushell,* Utah, 649 P.2d 85 (1982).

Appellant testified that he wanted to take all seven children to his new home and that respondent's conduct and morality, as demonstrated by her pregnancy, were injurious to the children. He further admitted that he has a violent temper, that in the past he has struck respondent and the children, and that he was on probation at the time of the hearing for a conviction of assault. He maintained that through counseling he has improved his ability to control his temper. His new wife testified that she was willing to take any or all of the children into her home and attempt to make a family life for them.

Respondent testified that she loves the children and wants to retain custody of all seven of them so as to keep them together as one family. She also testified that she has returned to school and was taking classes in preparation for training as a nurse to provide financial support for the children. She testified that the expected birth of the illegitimate child had little detrimental effect on the children. Instead, they seemed quite happy and excited about a new baby in the home.

■ On the basis of this evidence, the trial court modified the original custody decree to transfer custody of the parties' two sons to appellant, to permit respondent to retain custody of the five daughters, and to order that the Division of Family Services interview each child individually at least once each month and file a written report with the court at the end of six months. We cannot say that the modification would not serve the children's best interests and welfare or that the order was "so flagrantly unjust as to constitute an abuse of discretion," *Jorgensen v. Jorgensen,* Utah, 599 P.2d 510, 512 (1979).

■ We have also reviewed the record regarding the trial court's modification in the amounts of alimony and child support and find no abuse of discretion.

Affirmed.