**Michael Charles BECKER, Plaintiff and Respondent,**

v.

**Josephine Gloria BECKER, Defendant and Appellant.**

No. 19798.

Supreme Court of Utah.

Dec. 10, 1984.

Kathryn Schuler Denholm, Salt Lake City, for defendant and appellant.

Brian C. Harrison, Myron A. Frazier, Provo, for plaintiff and respondent.

DURHAM, Justice.

This is an appeal from an order denying a petition to modify child custody provisions in a divorce decree. The trial court found that no substantial change in circumstances material to the modification of custody had been shown. The court did find, however, that a change in circumstances had been shown that justified reconsideration of the visitation arrangements. The court then determined that visitation should be modified. We affirm.

In April 1979, respondent Michael Becker obtained a decree of divorce from appellant Josephine Becker in which he was awarded custody of the parties' minor child, Michelle. At the time the decree was entered, appellant had physical custody of Michelle and was out of the state. Appellant subsequently returned to Utah and moved to have the decree set aside, which motion was granted. Appellant did, however, turn the child over to respondent.

In November 1979, following a trial, a decree of divorce was entered. In that decree, the trial court ordered that respondent continue to have custody pending home evaluations by the Division of Family Services. After the evaluations were completed and a psychologist's report was submitted, a hearing was held in October 1980. The judge found that both parents were fit and proper people to be awarded custody, but nonetheless awarded permanent custody to respondent. In his decision, the judge considered the recommendation of the psychologist that joint custody be awarded, but concluded that joint custody was neither practical nor in the best interests of the child. Recognizing the fitness of both parents, however, the court expanded the visitation rights of appellant and directed both parties to remain flexible and liberal in their visitation arrangements. The decree was amended in December 1980 to reflect that ruling.

On learning that respondent planned to move to the state of Washington in May 1983, appellant petitioned the trial court for a modification of custody. Appellant based her petition on the fact of the move, on her belief that the child desired to live with appellant, and on an allegation that the child was not being adequately cared for

and supervised in respondent's home. In a later memorandum, appellant further alleged that the facts of this case resembled those in *Hogge v. Hogge*, Utah, 649 P.2d 51 (1982), because at the time of the original decree she had been young, unemployed, and not fully capable of caring for the child, whereas at the time of the petition she was remarried and more mature and was living in a stable environment with her new husband and two children.

After hearing testimony on the petition to modify, the trial court refused to change custody, but ordered a modification of the visitation arrangements to accommodate the move to Washington, expanding the summer visit to eight consecutive weeks and ordering a week's visit at Christmas or spring vacation.

Although the trial judge did not explicitly refer to the standards set forth in *Hogge*, it is clear from a careful reading of his written decision that he applied those standards in this case. In *Hogge*, this Court set forth a two-step procedure for modification of child custody decrees. The first step involves a determination that a substantial change in circumstances has occurred since the time of the last decree. That determination is a prerequisite to a reopening of the custody issue; only after making a finding of substantial change should the court go on to the second step of the procedure. In the second step, the court "must determine *de novo* which custody arrangement will serve the welfare or best interests of the child, and modify, or refuse to modify, the decree accordingly." *Id.*, 649 P.2d at 54. The best interests determination should involve consideration of all relevant factors, including the benefit to be derived from maintaining stability in the child's living arrangements. *Id.*

■ While there appears to be little difficulty in implementing the second step of the *Hogge* analysis, some confusion continues to exist regarding the first step. In *Hogge*, we said,

> In the initial step, the court will receive evidence only as to the nature *and materiality* of any changes in those circum-

stances upon which the earlier award of custody was based. In this step, the party seeking modification must demonstrate (1) that since the time of the previous decree, there have been changes in the circumstances upon which the previous award was based; and (2) that those changes are sufficiently *substantial and material* to justify reopening the question of custody.

*Id.*, 649 P.2d at 54 (emphasis added). In order to meet this threshold requirement, a party must show, in addition to the existence and extent of the change, that the change is significant *in relation to* the modification sought. The asserted change must, therefore, have some material relationship to and substantial effect on parenting ability or the functioning of the presently existing custodial relationship. In the absence of an indication that the change has or will have such effect, the materiality requirement is not met. Accordingly, it is not sufficient merely to allege a change which, although otherwise substantial, does not essentially affect the custodial relationship.

■ The required showing of materiality is to be distinguished from the evidence that is appropriately presented in the second phase of the proceeding in which the "best interests" analysis occurs. The materiality requirement is designed to help the court decide if there is a valid reason to reopen a question already settled by an earlier order, while the best interests analysis relates to a present and future readjustment of the parties' interests. In other words, if the circumstances that have changed do not appear on their face to be the kind of circumstances on which an earlier custody decision was based, there is no valid reason to reconsider that decision. The rationale is that custody placements, once made, should be as stable as possible unless the factual basis for them has completely changed.

■ Appellant's initial reason for seeking modification was the respondent's impending move to another state. Although the appellant asserted her belief that the

move would be "disruptive" to the child, the trial court declined to reconsider the custody issue based on a lack of showing of material change. We do not find this to be an abuse of discretion as the evidence does not indicate that the custodial circumstances of the child or the parenting capabilities of the respondent will be affected by the move. *See Jorgensen v. Jorgensen,* Utah, 599 P.2d 510, 512 (1979).

■ The trial judge went on to determine that respondent's move *was* material to the question of visitation. In *Haslam v. Haslam,* Utah, 657 P.2d 757, 758 (1982), we said, "The change in circumstances required to justify a modification of a divorce decree varies with the type of modification sought." It is clear, then, that a specific change in circumstances may justify reconsideration of one provision of a divorce decree while not justifying reconsideration of another provision. Having found a material change with respect to visitation, the judge then determined that the visitation arrangements should be modified. This was in conformity with our decision in *Hogge,* 649 P.2d at 54, wherein we stated that a modification of visitation rights also requires a bifurcated procedure.

■ At trial, appellant presented some evidence of her previous "uncertain personal circumstances" and her present stable personal situation. On appeal, appellant claims that the trial court erred in not finding a substantial change in circumstances justifying reconsideration of custody. Her primary argument is that since the time of the initial divorce she has matured, settled down, and remarried and that on the basis of *Hogge,* the court should have found changed circumstances. We disagree. In *Hogge,* at the time of the previous decree the petitioner had been incapable of caring for the children because of serious emotional illness. The petitioner subsequently recovered and was fully restored at the time of the hearing to her normal parenting capability. The trial court found, and we affirmed, that such recovery of mental health constituted a substantial change in circumstances. *Id.,*

649 P.2d 54–55 & n. 2. In the instant case, the evidence does not indicate that appellant was emotionally ill at any time, and although she was perhaps young, upset, and somewhat irresponsible at the time of the divorce decree in 1979, it is clear that at the time of the amended decree in 1980, the home evaluation, the psychological report, and the court all concluded that she was a fit and proper person to be awarded custody. The trial court's failure to award custody to appellant at that time was not on the basis of her incapacity as a parent. Therefore, the facts of this case are distinguishable from those we considered in *Hogge,* and the trial court was justified in finding no substantial change in circumstances based on these facts.

■ Appellant further asserts that modification of custody is in the child's best interests. As we have previously stated, however, in order to reach the best interests standard and reconsider a custody award, there must be a showing that there has been a change in circumstances that is material to the custody issue. This requirement reflects this Court's commitment to stability and security in a child's custodial placement. *See Hogge,* 649 P.2d at 54–55. Therefore, in the absence of a material change in circumstances, it is not sufficient merely to allege that a child might be better attended in the petitioning parent's custody.

Affirmed.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.