Sandy **PENNINGTON (Munro)**, **Plaintiff and Appellant**,

v.

Michael John **PENNINGTON**, **Defendant and Respondent**.

No. 20062.

Supreme Court of Utah.

Aug. 12, 1985.

Kellie F. Williams, Salt Lake City, for plaintiff and appellant.

Kent T. Yano, Salt Lake City, for defendant and respondent.

HOWE, Justice.

Appellant, Sandy Pennington (Munro), appeals from an order denying her petition to modify a divorce decree to grant her custody of one of the parties' minor children.

Appellant and Michael John Pennington, respondent, were divorced in July of 1981. Because appellant was expecting their second child and was experiencing some physical and emotional problems, their stipulated divorce decree awarded respondent temporary custody of their minor child, Michael Hancock Pennington. Appellant was designated to have custody of their expected child when born (Mark Pennington). The decree further provided that the court would review custody of the children in eighteen months. Six months after entry of the decree, however, appellant petitioned for its modification, seeking to be awarded custody of both children. She alleged that she had remarried, moved into a home, and recovered both physically and emotionally. Although respondent initially objected to appellant's petition as premature, he withdrew that objection because the petition was not heard until after the eighteen months had passed. An evaluation by the Division of Family Services favored placing both children in appellant's custody. After hearing the evidence, the trial judge awarded respondent permanent custody of Michael and awarded appellant permanent custody of Mark.

■ Appellant contends that the trial court erred in requiring her to establish the threshold change of circumstances as set forth in *Hogge v. Hogge*, Utah, 649 P.2d 51 (1982), before it would reach the question of the best interest of the children. We have read the entire record and are unable to find any instance where the court required appellant to show a change of circumstances. We note, however, that appellant's own petition to modify the decree and the manner of appellant's presentation of the evidence both sounded in an attempt to meet the threshold *Hogge* test. This may be attributable, in part, to appellant's initial objective, *i.e.*, to modify the divorce decree through the petition she filed a full year prior to the running of the eighteen months which the trial court had set for review. But the court in no way limited

appellant's attempts to show that it was in the children's best interests to be placed in her custody. It is true that the trial court found that there had been no material change in circumstances. Even though the court erred in concerning itself with that issue, since the initial award of custody was expressly designated to be only temporary, it was not prejudicial because the court also found that it was in the best interests of Michael to remain with his father.

Appellant also urges us to find an abuse of discretion in the trial court's holding that the best interests of Michael would be served by his remaining in respondent's custody. In support of her contention, she points to the court-ordered evaluation by the Division of Family Services which recommended placing both children in her custody, to this Court's long standing preferences to avoid splitting siblings and to place them in the mother's custody, and to the lack of facilities and isolation of Ticaboo, Utah, where respondent resides.

Although the Division of Family Services evaluation recommended that both children be placed in appellant's custody, the state sociologist who conducted the test admitted that Ticaboo's size and isolation were the main reasons for his recommendation. He further testified that he had no objection to respondent's parenting ability and felt that no harm would result by leaving Michael in respondent's custody. The record discloses that the evaluator was unfamiliar with the extent of the recreational facilities and medical attention available to Ticaboo residents. The trial judge also pointed out that appellant similarly resided in a rural part of the state.

We have long expressed a preference for placing very young children in the mother's custody. *Jorgensen v. Jorgensen,* Utah, 599 P.2d 510 (1979). However, the preference operates only when *all other things are equal.* The rule established by the Legislature in U.C.A., 1953, 30–3–10 requires that the best interest of the child be given primary consideration. "Whenever ... any circumstances in the case prepon-

derate in favor of the husband, all things are not equal." *Jorgensen,* at 511. Respondent presented evidence upon which the court could have relied in its custody determination. Among other things, Michael had lived with respondent for almost two years. Respondent was able to devote the evenings of his four-day work week and his regular three-day weekends to the child. A great amount of emotional bonding had been established between the two. On the other hand, appellant had a history of physical and psychological problems. Although she testified that she was cured of her problems, she presented only cursory hearsay testimony from the Division of Family Services evaluator to that effect. The trial judge found that all things were not equal and that Michael's best interest would be served by remaining in respondent's custody.

We have also expressed a preference to keep siblings together. However, many of the reasons underlying such a preference are not present in this case. The younger child, Mark, was born months after entry of the divorce decree. Michael was already in respondent's custody. Except for brief periods of visitation, the brothers have never lived together. No bonding between them occurred prior to their parents' divorce. This is not a case where a divorce forces a child to face the double emotional trauma caused by stresses—first to the bonds between him and his mother and second to the bonds between him and his siblings with whom he has resided for several years.

Lastly, appellant contends that the trial court's findings are inadequate to support the grant of custody to respondent. We acknowledge that the findings are meager, and strongly advise respondent's attorney, who drafted them, to take the necessary effort in the future to prepare more specific and substantive findings. We cannot overemphasize the importance of well written findings to support modifications of divorce decrees. *See Tuckey v. Tuckey,* Utah, 649 P.2d 88 (1982). "One of the reasons for this requirement is to explain

the basis for the modification so the aggrieved party can determine whether to challenge it and so the appellate court can properly review it on appeal." *Shioji v. Shioji,* Utah, 671 P.2d 135, 136 (1983). Conclusory findings give little indication of the trial court's reasons for reaching its result. Such findings may invite unnecessary expensive appeals which in turn delay final resolution of the issues and impede judicial economy.

Although the findings in this case are more than adequate in their statement of essentially undisputed background facts, they are rather lean in their exposition of the trial court's rationale. Nonetheless, this is a matter in equity, and we are free to review questions of both law and fact and to make findings of our own. *Boals v. Boals,* Utah, 664 P.2d 1191, 1194 (1983). In appropriate cases—where the findings are terse but still suggest the weight accorded to the testimony of the witnesses by the trial court and outline the basis of the custody award—we can find that there was competent evidence to support the judgment so long as it is not "so flagrantly unjust as to constitute an abuse of discretion." *Nilson v. Nilson,* Utah, 652 P.2d 1323 (1982) (citing *Jorgensen, supra,* at 512). In light of our above discussion of the issues and our review of the record and findings and giving due respect for the advantaged position of the trial judge, we hold that there was competent evidence to support the custody award. We further hold that, although there was evidence favoring an award of custody to appellant, the award to respondent was not flagrantly unjust nor an abuse of discretion.

Affirmed. No costs awarded.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.