706 P.2d 1060 (1985)
Margaret Sue MINEER (Werkema), Plaintiff and Appellant,
v.
John E. MINEER, Defendant and Respondent.
No. 19191.
Supreme Court of Utah.
September 24, 1985.
*1061 C.C. Patterson, Ogden, for plaintiff and appellant.
Stephen W. Farr, Ogden, for defendant and respondent.
PER CURIAM.
Plaintiff appeals from an order denying her motion to modify divorce decree to award her custody of her minor child. We affirm.
Plaintiff filed for divorce on November 9, 1981. Defendant originally entered into a stipulation and property settlement, agreeing in pertinent part to plaintiff's custody of the parties' minor daughter, Amanda, and allowing plaintiff to proceed by default. Defendant later revoked his consent to the default proceeding and answered the complaint, seeking custody of Amanda. After plaintiff removed Amanda to Michigan, defendant obtained permission to file a counterclaim in which he again sought custody of Amanda. Trial was set for August 5, 1982, and plaintiff was ordered to personally appear at the time and place set for trial with the admonition that her failure to appear both in person and with her daughter "may result in a decision on the custody issue adverse to her."[1] Plaintiff wrote a letter to the district court informing it that she did not intend to appear for trial, as she feared for her physical safety and that of her child; that she was withdrawing her complaint; and that she had discharged her Utah attorney and intended to file for divorce in Michigan as soon as she had satisfied residency requirements. On the day of the trial, the court dismissed plaintiff's complaint and proceeded to take testimony from defendant and his witnesses on defendant's counterclaim. The court found that defendant was a fit parent and awarded custody of Amanda to him. Armed with the divorce decree, defendant proceeded to Michigan and snatched Amanda from the back yard of a family with whom Amanda was staying during plaintiff's trip to her family home in Utah. Plaintiff moved back to Utah, remarried, and brought a motion to set aside the default judgment. She alleged as grounds that defendant used fraud in obtaining the judgment and duress, harassment, intimidation, and threats of bodily harm and physical abuse to plaintiff and her minor child which prevented her from attending the trial.
In a bifurcated trial, the court first considered whether plaintiff was excused from attending the trial of defendant's counterclaim because of defendant's duress. The court found that both parties gave false testimony, that plaintiff exaggerated a great deal, and that defendant was extremely vocal, but that his only proven violence predated the trial by seven years. *1062 The court found that plaintiff's fear of defendant accounted only in small part for her refusal to attend the trial and that other mixed motives played a major part instead. The court concluded that for those reasons she was bound by the proceedings and that the judgment would not be set aside. He conceded that her remarriage had brought about changes in her circumstances and that she could petition the court for a modification of the decree. That court order has not been appealed and is therefore final.
During the modification hearing, plaintiff presented witnesses who testified to her loss of weight, lack of emotional control, and extreme fearfulness at the time of the divorce and her subsequent healing process when she married her present husband. She informed the court that she would not have to work and could care for her child in her new home. The court found that no evidence had been presented to show that there had been a change in the life of defendant since the time of the divorce and that it could not justify the change in child custody based on plaintiff's change alone. The court pointed out that emotional instability was not one of the reasons that defendant was awarded custody in the original divorce decree. Plaintiff claims that that finding was contrary to the clear preponderance of the evidence and requests that we find a material change in circumstances and remand the case for a hearing on the child custody issue. She claims that the trial court erred in limiting testimony to matters occurring between the dates of trial and the modification hearing, particularly in view of the fact that only defendant presented testimony at the former, and the award of child custody was obtained by default.
Under prevailing standards of review, this Court may review both the facts and the law of matters in equity, such as this request for modification of divorce decree. Boals v. Boals, Utah, 664 P.2d 1191 (1983). Nonetheless, we accord considerable deference to the judgment of the trial court and interpose our own judgment only where the evidence clearly preponderates to the contrary or the trial court abuses its discretion or misapplies principles of law. Jeppson v. Jeppson, Utah, 684 P.2d 69 (1984); Mitchell v. Mitchell, Utah, 668 P.2d 561 (1983).
In a petition for modification of divorce decree, the threshold requirement for relief is a showing of substantial change in circumstances occurring since the entry of the decree and not contemplated in the decree itself. Naylor v. Naylor, Utah, 700 P.2d 707 (1985). The trial court properly limited testimony to the period between the date of the decree and the hearing. In its findings of fact and conclusions of law, the trial court was careful to adhere to the procedure of bifurcating the issues of changed circumstances and best interests of the child, as required under Hogge v. Hogge, Utah, 649 P.2d 51 (1982). In Hogge, the wife at the time of the divorce was emotionally unstable and therefore unable to care for her infant twin sons, so that the trial court awarded custody to the husband. A year later, the wife asked for custody, presenting evidence that she had remarried and had regained emotional stability to make her a responsible and capable parent. Reading from the Hogge case, the trial court stated, "The court would not reopen the custody question until it had first made a threshold finding of substantially changed circumstances. This would protect the custodial parent from harassment by repeated litigation and protect the child from ping-pong custody awards." The trial court properly concluded that the burden was on plaintiff to show a substantial change in circumstances and that she had failed to carry that burden. It distinguished this case from the Hogge case in that the circumstances giving rise to the custody award there had changed, whereas here any emotional instability of plaintiff was not cited as a ground for awarding custody to defendant. Furthermore, the judgment awarding defendant custody was not the result of a default proceeding. Plaintiff was on notice to appear under penalty of risking an adverse custody award. Defendant's counterclaim was tried on the *1063 merits, in plaintiff's absence. The custody award was based on defendant's fitness as a parent, Amanda's close affinity with defendant's family, and plaintiff's willingness to use the child to cause mental and emotional distress to defendant, which was not in the best interest of the child. With those findings before it, the trial court properly ruled that plaintiff had failed to carry her burden that material changes had taken place in the circumstances upon which the earlier award of custody was based.
The order is affirmed.
NOTES
[1] See U.C.A., 1953, § 78-45c-11.