**Lalita M. CHANDLER, Plaintiff and Respondent,**

v.

**Greg MATHEWS, Defendant and Appellant.**

No. 20113.

Supreme Court of Utah.

March 3, 1987.

David O. Drake, Costa Mesa, Cal., for defendant and appellant.

J. Val Roberts, Centerville, for plaintiff and respondent.

PER CURIAM:

Defendant Greg Mathews appeals from an order denying his verified petition for a change of custody of his legitimated son. He assigns as errors the trial court's findings that (1) no substantial change of circumstances had occurred; (2) Mathews' custody rights were not the same as those of a father who had been legally married to the mother of the child; (3) the child's best interests required that he be left in the custody of Chandler; (4) Mathews was not allowed a full hearing on the issue of the child's best interests; and (5) through (7) certain factual findings by the court were not supported by the evidence. We affirm.

The few facts necessary to the determination of this appeal may be stated briefly. Mathews and Chandler were never married to each other. Chandler gave birth to a son, Daniel, in 1978. In 1980, Mathews signed an "Affidavit on Acknowledgment of Paternity and Support," acknowledging paternity of Daniel and stipulating to custody, visitation rights, and support arrangements. Mathews thereafter married, and he and his wife received Daniel into their family and enjoyed liberal visitation rights with the child. Chandler, who at one time received public assistance for herself, Daniel, and a daughter from a previous marriage, subsequently pursued an education and obtained employment. As a result, Daniel was placed in a day-care center on certain days of the week. In his petition for change of custody, Mathews relied on these changes in the parties' lives and others as sufficient grounds to establish a substantial change of circumstances.

■ *Substantial change of circumstances:* Mathews relies on our holding in *Hogge v. Hogge*, 649 P.2d 51 (Utah 1982), where twin children were awarded to the divorced wife after she filed a petition for change of custody, based upon what he construes as a substantial change in her circumstances alone. The rationale stated in *Hogge* is not that simplistic. Under the bifurcated two-step process reaffirmed in *Hogge*, this Court stated that a court would not reopen the custody question until a threshold finding of substantially changed circumstances had first been made. The asserted change must have some material relationship to and substantial effect on parenting ability or the functioning of the presently existing custodial relationship. *Becker v. Becker*, 694 P.2d 608, 610 (Utah 1984); *Moody v. Moody*, 715 P.2d 507 (Utah 1985). "This [two-step process] would protect the custodial parent from harassment by repeated litigation and protect the child from 'ping-pong' custody awards." *Hogge* at 53–54; *accord Hirsch v. Hirsch*, 725 P.2d 1320 (Utah 1986). The party seeking the change has the burden to show that circumstances warrant reopening the custody decree, and the trial court's inquiry must focus on the parenting ability of the custodial parent and the functioning of the established custodial relationship. *Becker* at 610.

■ In *Hogge*, the wife's temporary emotional instability constituted the grounds for custody award to the husband. Her recovery at a later point sufficiently justified reconsideration of the custody question. *Hogge* at 55. By comparison here, the alleged changed circumstances do not grow out of the previous custody award. Although Mathews acknowledged paternity, he did not initially seek custody over Daniel who was awarded to Chandler as a matter of course. *Hogge*, therefore, is factually inapposite. Instead, the trial court properly focused on the present custodial function of Chandler and her ability as a parent. *Becker* at 610.

■ Mathews also claims that there have been deleterious changes in Chandler's circumstances and a marked im-

provement in his lifestyle. He contends that so long as he can show a change in either parent, the trial court should have proceeded to consider the child's best interest and changed custody to him. Mathews refers to his own unsubstantiated testimony and completely ignores contrary testimony given by Chandler. The trial court as a trier of fact is free to assess the credibility of the witnesses, and a conflict in evidence alone is not grounds for reversal. We will not upset its findings, so long as they are supported by substantial record evidence. *Shioji v. Shioji,* 712 P.2d 197 (Utah 1985); *Mineer v. Mineer,* 706 P.2d 1060 (Utah 1985). The trial court may well have believed Chandler's version of the facts over those presented by Mathews, and its well-reasoned ruling that there was no substantial change of circumstances will not be disturbed by this Court.

*The legal standard:* Mathews next claims that the trial court ruled against him under the wrong legal standard when he found that Mathews' custody rights were not the same as those of a father who had been legally married to the mother of the child. Under U.C.A., 1953, § 78–30–12, once a child has been publicly acknowledged by its biological father, "such child is thereupon deemed for all purposes legitimate from the time of its birth." Concomitant with those rights of a legitimated child are the rights of its biological father. In a dispute with the child's mother over visitation rights, *Slade v. Dennis,* 594 P.2d 898 (Utah 1979), or custody, *Lembach v. Cox,* 639 P.2d 197 (Utah 1981), the biological father's rights with respect to the legitimated child are adjudicated under this state's divorce laws codified in U.C.A., 1953, § 30–3–5 and –10 (1984 ed.).

Although the trial court stated in its ruling from the bench that this action was not exactly the same kind of an action as when there is a marriage and the parties "have the exact same rights," it also added that a natural father has a legal right to ask for custody of the child under circumstances amounting to the best interests of the child. In the trial court's conclusions of law, prepared by counsel for Mathews, that statement reads "that defendant is not in the same position in this case as a natural father would be if the above parties had been married." That conclusion cannot be upheld since it improperly interprets section 78–30–12 and precedent case law in this state. *Cf. Lembach v. Cox* at 200. However, inasmuch as the court proceeded throughout under the bifurcated two-step process set out in *Hogge* and *Becker* which governs child custody changes after divorce, we hold that the error was harmless, was not inconsistent with substantial justice, and did not affect the substantial rights of Mathews. Utah R.Civ.P. 61.

*Best interests of the child:* Mathews' assignment of error on this point is completely without merit. Mathews' counsel himself asked the court whether the ruling of the court denying his petition was based upon the best interests of the child or upon the change of circumstances. The court answered, "[i]ts on the change of circumstances," and then explained to the parties that all comments made with respect to looking after the best interests of the child were made to admonish the parties that they "need to know that they both have concern in the life of this child and they need to have some feeling where the various interests are going." This Court will read no more into that statement than was intended by the trial court.

We have considered Mathews' remaining points of error in which he disputes the trial court's factual findings and conclude that they are without merit.

The judgment is affirmed.