2016 UT App 94

## THE UTAH COURT OF APPEALS

AUTEM JONES,
Appellee,
*v.*
TIMOTHY KEITH JONES,
Appellant.

Memorandum Decision
No. 20140618-CA
Filed May 12, 2016

Sixth District Court, Richfield Department
The Honorable Marvin D. Bagley
No. 124600194

Brent M. Brindley, Attorney for Appellant

Jared L. Peterson, Attorney for Appellee

SENIOR JUDGE PAMELA T. GREENWOOD authored this
Memorandum Decision, in which JUDGES GREGORY K. ORME and
STEPHEN L. ROTH concurred.[1]

GREENWOOD, Senior Judge:

¶1     Appellant Timothy Keith Jones (Father) appeals the
district court's order allowing his ex-wife, Autem Jones
(Mother), to exercise standard parent-time with their children in
Moab, Utah, as provided in Utah Code section 30-3-35. We
affirm.

¶2     Father and Mother were married in early 2003 and spent
the majority of their married life in Moab. When they separated

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

in early 2010, Father moved to St. George, Utah; Mother stayed in Moab with their three children. The following year, in July of 2011, Father and Mother—who both desired physical custody of their children—were divorced by a bifurcated decree, allowing the parties to dissolve the marriage before the question of child custody was determined.

¶3    In December 2011, the district court issued a supplemental decree of divorce, granting the parties joint legal custody of the three children and awarding Father physical custody. At that time, Father and Mother lived 339 miles apart. "Because of the distance . . . between the parties' homes," the district court determined that Mother should receive parent-time in accordance with Utah Code section 30-3-37. The supplemental decree further provided that if Mother "moves to St. George or if the parties otherwise live within a reasonable distance of each other, [Mother] should have parent time consistent with . . . § 30-3-35," which would allow her more frequent access to the children.[2]

¶4    Father subsequently remarried, and he and the children relocated to Monroe, Utah—reducing the distance between Mother and the children from 339 miles to 186 miles. Mother continued to live and work in Moab but also rented a house in Monroe, where she hoped to spend more time with the children.

---

2. Pursuant to Utah Code section 30-3-35, minimum parent-time for noncustodial parents is overnight visits every other weekend and once during the week, along with provisions for holidays and summers. Utah Code Ann. § 30-3-35 (LexisNexis Supp. 2015). Alternatively, if noncustodial parents reside greater than 150 miles from their minor children, then minimum parent-time is outlined in section 30-3-37. Utah Code Ann. § 30-3-37 (LexisNexis Supp. 2015). Under this section, parent-time includes fewer weekend and weekday visits, and different holiday visitation provisions. *Id.*

Father refused, however, to allow her more parent-time. Mother filed an order to show cause, seeking standard parent-time under section 30-3-35 and arguing that the supplemental decree of divorce allowed her more frequent visits if she lived within a "reasonable distance" of the children. The district court determined that Mother had "established residency in Monroe" and ordered standard parent-time consistent with section 30-3-35.

¶5    Later, significant expenses for the children's medical care made it difficult for Mother—whose income was seasonal—to meet her financial obligations, including rent for the Monroe house. Thus, Mother petitioned the court again, this time to continue her expanded parent-time under section 30-3-35, but to do so while living in Moab. Mother argued that her children could develop deeper familial bonds with their cousins, grandparents, aunts, and uncles living in or near Moab and that her children could develop a relationship with her fiancé. Father responded that because Moab is 186 miles from his home in Monroe, Mother's parent-time should accord with section 30-3-37, because "whether it's an equal burden as far as travel, it's a much greater burden as far as disruption of the [children's] routine."

¶6    The district court stated at the hearing on Mother's motion that a strong "showing of material change of circumstances" was not needed because the supplemental decree of divorce contemplated standard parent-time "if the parties were [within] a reasonable distance of each other." In its findings of fact and conclusions of law, the district court also found that standard parent-time with Mother in Moab would be in the children's best interests because the children "have significant relationships with family and friends in Moab" and because "[v]isitation in Moab will allow the children to spend time around" Mother's fiancé. The district court noted that the travel burden under the original decree was roughly the same burden contemplated under the present plan. Furthermore, the court

was concerned that Mother's maintenance of a second home in Monroe would be "an unnecessary use of finances that could otherwise be better used for the benefit of the parties' children."

¶7     On appeal, Father contends that the district court abused its discretion when it modified the divorce decree, allowing Mother to receive standard parent-time in Moab. He argues that modifications to "parent time orders" "must be made only upon a showing of a material change of circumstances and that the children's best interests would be served by the modification." He claims the district court's order was improper because "there had been no material change of circumstances" and because "[t]raveling from Monroe to Moab every other weekend will greatly limit the children's opportunities to participate in sports and other activities, peer activities and social events, church and scouting events, and similar activities." He thus argues that there was not a material change of circumstances to justify the district court's action and that the change to standard parent-time is not in the children's best interests.

¶8     We review a district court's alleged failure to require evidence establishing a material change of circumstances for correctness, "according no particular deference to the trial court." *Cummings v. Cummings*, 821 P.2d 472, 475, 476 (Utah Ct. App. 1991). We review a district court's decisions regarding parent-time for an abuse of discretion. *Tobler v. Tobler*, 2014 UT App 239, ¶ 12, 337 P.3d 296; *see also Childs v. Childs*, 967 P.2d 942, 946 n. 2 (Utah Ct. App. 1998) ("[W]e will not disturb the trial court's visitation determination absent a showing that the trial court abused its discretion.").

¶9     We first determine whether the district court erred by failing to require evidence establishing a material change of circumstances. *Cf. Cummings*, 821 P.2d at 475 (requiring trial courts to "determine whether there is sufficient evidence of a substantial and material change in circumstances" before "reexamination of the custody question").

¶10 While altering custody orders generally requires a showing of substantial change in circumstances material to the modification of custody, *Hogge v. Hogge*, 649 P.2d 51, 54 (Utah 1982) (requiring "changes in the circumstances upon which the previous award was based" and "that those changes are sufficiently substantial and material to justify reopening the question of custody"), a lesser showing may be required when the change sought is not a change of custody, *see Haslam v. Haslam*, 657 P.2d 757, 758 (Utah 1982) (stating that a "change in circumstances required to justify a modification of a divorce decree varies with the type of modification sought"). In *Becker v. Becker*, 694 P.2d 608 (Utah 1984), the Utah Supreme Court approached whether there was a "material change with respect to visitation" as a different inquiry from whether there was a material change with respect to custody. *Id.* at 609, 611 (discerning no abuse of discretion in altering "visitation arrangements" even though there was "no substantial change in circumstances material to the modification of custody"). Thus, while *Becker* may require *some* showing of change in circumstances when a district court alters parent-time arrangements, that showing does not rise to the same level as the substantial and material showing required when a district court alters custody. Consequently, there was no error in the district court's failure to require a substantial or material change of circumstances.

¶11 In this case, the district court found several factors that had changed subsequent to the prior two visitation schedule orders, including Mother's relocation to Moab, additional financial needs of the children for medical bills, and Mother's rental of the Monroe residence. Furthermore, the supplemental decree of divorce allowed for a change in parent-time if Mother lived within a "reasonable distance" of Father. In addition, given the discretion accorded to the trial courts in divorce matters, we do not believe that section 30-3-37 establishes a rigid requirement that whenever parents live 150 miles or more apart, parent-time must be determined as set forth in that provision.

*See* Utah Code Ann. § 30-3-33(9) (LexisNexis 2013) (allowing the court to "make alterations in the parent-time schedule to reasonably accommodate the distance between the parties"). Thus, the district court did not err when it failed to require a showing of material change in circumstances to alter the parties' parent-time arrangement.

¶12   We next decide whether the district court abused its discretion in concluding that exercising standard parent-time with Mother at her home in Moab was in the children's best interests.

¶13   The Utah Supreme Court has long recognized that "[t]rial courts have continuing jurisdiction to consider motions to modify dealing with . . . visitation rights." *Kallas v. Kallas*, 614 P.2d 641, 645 (Utah 1980); *see also* Utah Code Ann. § 30-3-5(3) (LexisNexis 2013) (recognizing a district court's "continuing jurisdiction" over child custody and child maintenance determinations). We also note that it "is the trial court's prerogative to hear and weigh the conflicting evidence and to make findings of fact." *Kramer v. Kramer*, 738 P.2d 624, 628 (Utah 1987). Trial courts have "particularly broad discretion" in ordering parent-time, and we will only intervene when the trial court's action "is so flagrantly unjust as to constitute an abuse of discretion." *See Jorgensen v. Jorgensen*, 599 P.2d 510, 511–12 (Utah 1979), *disavowed on other grounds by Pusey v. Pusey*, 728 P.2d 117, 119 (Utah 1986).

¶14   The district court heard evidence that the children had previously lived in Moab, that they had extensive friends and family in or near Moab, and that they could develop a more familial relationship with Mother's family and fiancé by exercising standard parent-time in Moab. It also considered the fact that the children's medical bills, coupled with Mother's seasonal income, made it difficult for Mother to maintain a second home in Monroe while still meeting her financial obligations. The district court acknowledged that travel time for

the children increased, but found that the children would benefit from increased parent-time with Mother. Although Father's travel time would also increase, the district court properly prioritized the children's best interests. *See, e.g.*, *Dana v. Dana*, 789 P.2d 726, 730 (Utah Ct. App. 1990) ("The paramount concern in child visitation matters is the child's welfare or best interest. Fostering a child's relationship with the noncustodial parent has an important bearing on the child's best interest." (citation omitted)). The district court thus found that it was "in the long-term best interest of the children that they develop a relationship with [Mother] where she lives."

¶15     The district court's conclusion that the best interests of the children would be served by allowing them to spend more time with Mother in Moab was not "so flagrantly unjust as to constitute an abuse of discretion." *See Hogge v. Hogge*, 649 P.2d 51, 56 (Utah 1982) (citation and internal quotation marks omitted). The district court's ruling was within its "continuing jurisdiction to make subsequent changes or new orders for the custody of the children . . . as is reasonable and necessary." Utah Code Ann. § 30-3-5(3).

¶16     As a final matter, Mother requests attorney fees on appeal on the theory that Father's appeal is frivolous. We do not agree. This court may award attorney fees to the prevailing party if we determine that the appeal "is either frivolous or for delay. For purposes of [the Utah Rules of Appellate Procedure], a frivolous appeal . . . is one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." *LD III, LLC v. BBRD, LC*, 2009 UT App 301, ¶ 21, 221 P.3d 867 (omission in original) (citations and internal quotation marks omitted). The sanction, however, for filing "a frivolous appeal applies only in egregious cases with no reasonable legal or factual basis." *Id*. (citation and internal quotation marks omitted). "[A]n unsuccessful appeal which is worthy of consideration is not an egregious case worthy of sanctions and, therefore, is not frivolous." *Id*. (alteration in

original) (citation and internal quotation marks omitted). While Father's appeal was unsuccessful, "it does not rise to the level of an egregious case deserving of sanctions." *See id*. We therefore decline to award attorney fees to Mother.

¶17 The district court did not err when it required a lesser change of circumstances in making alterations to its parent-time order, nor did it abuse its discretion when it determined that it was in the best interests of the Jones children to spend parent-time with Mother in Moab consistent with Utah Code section 30-3-35. Accordingly, we affirm. No fees awarded.

—————