**2017 UT App 10**

# THE UTAH COURT OF APPEALS

KIRSTEEN D. BLOCKER,
Appellee,
*v.*
MICHAEL P. BLOCKER,
Appellant.

Memorandum Decision
No. 20150720-CA
Filed January 12, 2017

Fourth District Court, Provo Department
The Honorable James R. Taylor
No. 024402553

Michael P. Blocker, Appellant Pro Se

Grant W.P. Morrison, Attorney for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES MICHELE M. CHRISTIANSEN and DAVID N.
MORTENSEN concurred.

TOOMEY, Judge:

¶1     Michael P. Blocker (Father) appeals the district court's
order granting Kirsteen D. Blocker (Mother) unsupervised
parent time with their minor son. We remand to the district
court to enter findings of fact.

## BACKGROUND

¶2     Father and Mother have one son (Child), who was not yet
four months old when these proceedings began. Pursuant to
their stipulation at the time the divorce decree was entered in
2004, the district court awarded the parties joint legal custody

and shared parent time, with Child's primary care and residence being with Mother.

¶3    Eventually, Father petitioned the district court for a custody modification. The matter went to trial in August 2009, and the court granted Father sole legal and physical custody of Child (the Custody Award).[1] The court noted that numerous professionals had been involved in the case, and that, notwithstanding their efforts, Mother "ha[d] a history of not working with, not paying, or not establishing appropriate professional relationships" with them. It expressed its "concern[] about this history and the impact on the parties' minor child." Mother had "declined" to coparent and "interfered" with Child's relationship with Father. The court found that "no joint physical or legal custody of [Child] [was] possible" and that it was in Child's best interest to award sole custody to Father.

¶4    Child's therapist and the court-appointed custody evaluator recommended that Mother's parent time be supervised until Mother "has changed her mind set with regard to her own parenting abilities and [Father's] relationship with the child," but the court was concerned that this would not be practical for financial reasons. It therefore decided to permit Mother unsupervised parent time, provided that she retain a Special Master and verify her participation in individual therapy and joint therapy with Child. The court "recognize[d] that awarding [Mother] statutory parent-time is an experiment as she ha[d] been unable to cooperate with at least twelve (12) past professionals," but found that it was in Child's "best interest to give her one more chance." Thus, until she verified her

---

1. Although the court announced its decision at the end of trial, the decision was not reduced to writing until February 2010.

compliance with the court's terms, Mother's parent time was to be supervised.[2]

¶5    The next relevant development in litigation came in late 2013 when Mother filed a Motion to Clarify or Modify the Custody Order. At a scheduling conference, the district court instructed Mother to "submit an order to show cause." Mother then filed an order to show cause requesting that the court order Father to "afford [Mother] minimum statutory visitation." Curiously, however, at the order to show cause hearing in March 2014, the court noted that "there is no petition to modify. This is an action to enforce the existing order. A motion to clarify [the] existing order is not appropriate." In any event, at an evidentiary hearing in April 2014, the court sua sponte deemed Mother's order to show cause a petition to modify. At the conclusion of that hearing, the court ordered "an evaluation of [Mother] and her circumstances in relation to visitation." The court set what it referred to as a "status conference" for August 2014, but also made clear that it would be "a hearing at which time the results of the home study shall be reviewed, the need for supervised exchanges or supervised visitation examined, and, a final custody order entered." In the meantime, all visits were to be supervised.

¶6    Mother, represented by counsel, appeared for the status conference in August 2014 and brought with her the home study report and the person who prepared it. Father, representing himself, objected that because he believed the proceeding was a status conference and not an evidentiary hearing, he did not

---

2. In December 2010, Mother filed a complaint in federal court against the judge and others involved in the divorce and custody proceedings. Based on the existence of the federal action, Mother filed a motion to disqualify the judge from the ongoing custody proceedings, and he voluntarily recused himself. The case was then reassigned. This case has been ongoing for fourteen years.

have the opportunity to call witnesses on his own behalf and was not prepared to cross-examine Mother's witness. The court continued the hearing to provide Father an opportunity to prepare for cross-examination and to arrange for his own witnesses. In the interim, based on the home study report and "the status of the case," the court granted Mother unsupervised parent time.

¶7 The next hearing was not conducted until nearly one year later in June 2015.[3] Aside from the written home study report, the court received no other evidence or testimony.[4] The court expressed disappointment in the report, calling it "[not] particularly helpful" and its conclusions "very limited." It also called the case a "procedural mess" and proceeded in an "informal way" to "get to the heart of this matter." It decided to make the August 2014 temporary order, which granted Mother unsupervised parent time, permanent. Father objected, citing *Hogge v. Hogge*, 649 P.2d 51 (Utah 1982), and asked the court how

---

3. The reason for this delay is difficult to determine. Father and Mother each submitted witness lists and exhibits in September and October 2014 in preparation for the upcoming hearing. Father moved to deny Mother's petition to modify the custody order and to strike the home study report in November 2014. These motions were not ruled on, and the date for oral argument on the pending motions was not set until April 2015, when the hearing was scheduled for the following June.

4. In September 2014, Mother identified the home study report as an exhibit and indicated her intention to call one witness, the person who prepared the report. In September and October 2014, Father submitted over two hundred pages of exhibits and identified seven potential witnesses. But no witnesses testified at the June 2015 hearing, and the court considered no evidence other than the report.

it could modify a custody award without first finding there had been a material change in circumstances. The court told Father it had "wide discretion in these matters" and that there was "satisfactory evidence in [the] file to demonstrate that [this decision] is in the best interest of the child." It ordered that Mother's unsupervised parent time be made permanent without entering any findings of fact. Father appeals.

## ISSUE AND STANDARD OF REVIEW

¶8 Father contends the district court erred in granting unsupervised parent time to Mother without finding that there had been a material change in circumstances since the court's custody determination in 2009.[5] A district court's decision to modify parent time is reviewed for abuse of discretion. *Tobler v. Tobler*, 2014 UT App 239, ¶ 12, 337 P.3d 296; *see also Childs v. Childs*, 967 P.2d 942, 946 n.2 (Utah Ct. App. 1998) ("[W]e will not disturb the trial court's visitation determination absent a showing that the trial court abused its discretion."). "We review a district court's alleged failure to require evidence establishing a material change of circumstances for correctness . . . ." *Jones v. Jones*, 2016 UT App 94, ¶ 8, 374 P.3d 45.

---

5. Father raises five issues on appeal, but because four of them are inadequately briefed, we address only the first issue on its merits. *See* Utah R. App. P. 24; *State v. Thomas*, 961 P.2d 299, 304–05 (Utah 1998) (outlining the requirements for an adequately briefed argument and observing that "[i]t is well established that a reviewing court will not address arguments that are not adequately briefed"); *infra* ¶¶ 18–19.

ANALYSIS

I. Inadequate Findings

¶9    As a threshold matter, Mother contends that Father's argument is inadequately briefed. We disagree. An adequately briefed argument "contain[s] the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9). Father represents himself on appeal and is "held to the same standard of knowledge and practice as any qualified member of the bar." *See Nelson v. Jacobsen*, 669 P.2d 1207, 1213 (Utah 1983). But as a pro se party, Father is entitled to "every consideration that may reasonably be indulged." *See id.* (citation and internal quotation marks omitted).

¶10    In his first issue, Father presents a clear argument, with citations to authority and the record. He also demonstrates, with citations to the record, that the issue was preserved in the district court. *See* Utah R. App. P. 24(a)(5)(A). Although Father does not provide an in-depth legal analysis, his argument is sufficient to show an error and why, under applicable authorities, that error must be redressed. *See State v. Lucero*, 2002 UT App 135, ¶ 13, 47 P.3d 107 ("[T]o permit meaningful appellate review, briefs must comply with the briefing requirements sufficiently to enable us to understand . . . what particular errors were allegedly made, where in the record those errors can be found, and why, under applicable authorities, those errors are material ones necessitating reversal or other relief." (alteration and omission in original) (citation and internal quotation marks omitted)).

¶11    Father contends the district court erred "when it failed to state any finding that there had been a material change in the circumstances upon which the previous visitation award was based." He cites *Hogge v. Hogge*, 649 P.2d 51 (Utah 1982), which

requires a two-step process when modifying a custody award. First, the court must make a finding that "there have been changes in the circumstances upon which the previous award was based" that are "sufficiently substantial and material to justify reopening the question of custody." *Id.* at 54. And second, the court must determine what custody arrangement would serve the child's best interest. *Id.* A modification of parent-time rights generally requires this same two-step process. *Becker v. Becker*, 694 P.2d 608, 611 (Utah 1984).

¶12 The Utah Supreme Court has acknowledged that the "change in circumstances required to justify a modification of a divorce decree varies with the type of modification sought." *Haslam v. Haslam*, 657 P.2d 757, 758 (Utah 1982). Whether there has been a "material change with respect to visitation" is a different inquiry from whether there has been a "material change with respect to custody." *Jones v. Jones*, 2016 UT App 94, ¶ 10 374 P.3d 45 (internal quotation marks omitted) (citing *Becker*, 694 P.2d at 609, 611). While the inquiry with regard to parent time "does not rise to the same level as the substantial and material showing required when a district court alters custody," it still requires a showing of a change in circumstances. *Id.* ¶ 10; *see Becker*, 694 P.2d at 611; *Hogge*, 649 P.2d at 54.

¶13 For example in *Jones*, the district court altered parent time without making a separate finding of a substantial change in circumstances. 2016 UT App 94, ¶¶ 7–10. But the court made several findings that changes in the parties' circumstances had occurred—the parent with primary physical custody of the children moved much closer to the other parent, who then relocated closer still. *Id.* ¶ 11. Also, the original divorce decree in *Jones* anticipated modifying parent time if the noncustodial parent relocated to be closer to the children. *Id.*

¶14 Although a district court need not find a substantial and material change in circumstances to alter parent time, it is still

required to find *some* change in circumstances. Unlike the *Jones* court, the court in this case made no findings that a change had occurred, even when Father pressed the court to address this issue. The court likewise made no specific findings regarding the best interest of Child.

¶15    In making custody determinations, a court must provide adequate and detailed findings of fact. *Sukin v. Sukin*, 842 P.2d 922, 924 (Utah Ct. App. 1992). "The importance of complete, accurate and consistent findings of fact in a case tried by a judge is essential to the resolution of dispute under the proper rule of law." *Id.* (citation and internal quotation marks omitted). "Proper findings of fact ensure that the ultimate custody award follows logically from, and is supported by, the evidence and the controlling legal principles." *Id.* (citation and internal quotation marks omitted).

¶16    Here, because there are no findings to review, we cannot determine whether the district court's decision was based on correct legal principles or whether it was supported by the evidence. The only new evidence before the district court was the home study report, which the court itself described as limited and not particularly helpful. In making the Custody Award, the court awarded Mother unsupervised parent time provided that she verify that she met certain conditions; supervision would continue if she did not. Years later, the court temporarily suspended the supervision requirement, then made the order permanent without explaining the basis for its decision.

¶17    Because we are unable to conduct a meaningful review, we remand to the district court for more detailed findings of fact.

## II. Inadequate Briefing

¶18    Father raises four other issues on appeal. First, he contends the district court erred when it decided that Mother's

"inability to comply with the conditions for her unsupervised parent time constituted a material change in circumstances." Second, he contends the court erred when it signed the order three days after it was submitted, without giving Father the opportunity to object. Third, Father contends the court denied him due process when it would not allow him to argue his motion to dismiss, signed the order without notifying him, failed to send him a copy of the order, failed to act on two other motions, and changed the status conference to an evidentiary hearing without notice. Fourth, Father contends the court erred when it converted Mother's order to show cause into a petition to modify. These issues are inadequately briefed and we decline to address them on their merits. *See supra* ¶¶ 8 n.5, 9; Utah R. App. P. 24(a)(9) (requiring an adequately briefed argument to "contain the contentions and reasons of the appellant with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on").

¶19   For example, with respect to Father's contention that the court erred when it decided that Mother's inability to comply with the conditions in the Custody Award constituted a material change in circumstance, Father fails to identify where in the record the district court made this decision.[6] In addition, although Father cites some authority, he does not provide "development of that authority and reasoned analysis based on that authority." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). In any event, we need not address this issue because additional findings on remand will either clarify this matter or dispose of it entirely.

¶20   Father's other arguments are also inadequately briefed. They provide scant citations to the record, and where there is

_____

6. This argument is curious given Father's first argument, in which he contends the court did not make "any finding that there had been a material change in the circumstances."

citation to authority, he offers no development or reasoned analysis based on that authority. We therefore decline to address them.

CONCLUSION

¶21   Because the district court modified the parent time requirements of the Custody Award without providing any findings, we are unable to review its decision and remand for more detailed findings. The other issues raised are inadequately briefed and we therefore do not reach them on the merits.

_____